R. CARL TATE
3202 Rose Quartz LN
Spring TX 77388

United States District Court
Southern District of Texas
FILED
JUL 1 3 2010
David J. Bradley, Clerk of Court

Answer for Summons

Civil Action No. 4:10-CV-01978

Dear Plaintiff, ( LONSTEIN Law office, P.C.
1 TERRACE Hill, P.O. Box 351
Ellenville, New York 12428 )

With Regards to the Lawsuit filed Against me R. CARL TATE, This is to Inform you That on The Referenced Date of November 14, 2009 As Referred to in your Lawsuit. That I No Longer Had, or owned Any Interest In Hot Spot Bar of Texas, LLC or Copa's Bar & Lounge.

This fact Can Be Ascertained from the Attached Membership Interest Transfer Agreement & Final Settlement Agreement & Release, Wherein I Transferred Any & All Interest

1.

In Hot Spot Bars of Texas to E. Allen Noack, This Transaction took place in the Office of Attorney Michael R. Bowman located at 314 Sawdust Rd. 2nd Floor. Agreement Dated & Signed By All Parties on May 25th 2007.

Such Agreement thereby Absolving me R. Carl Tate From Any Interest in Hot Spot Bars of Texas or Copas Bar & Lounge At Said Time of Broadcast.

Please Cease & Desist Any further Actions Against Me with Regards to this Lawsuit.

Respectfully
R. Carl Tate

*[signature]*
Signed 7/13/11

# **MEMBERSHIP INTEREST TRANSFER AGREEMENT AND FULL AND FINAL SETTLEMENT AGREEMENT AND RELEASE FOR HOT SPOT BARS OF TEXAS LLC**

THIS AGREEMENT is made and executed by and between E. ALAN NOACK (NOACK), and R. CARL TATE (TATE) and HOT SPOT BARS OF TEXAS LLC, "the Parties" and is effective as of **December 31, 2007.**

WHEREAS, the parties each own a certain outstanding membership interest in HOT SPOT BARS OF TEXAS LLC comprising 100% of (the "Company"), a Texas Limited Liability Company; and

WHEREAS, TATE desires to transfer any and all membership interest in HOT SPOT BARS OF TEXAS LLC to NOACK; and

WHEREAS, the parties desire to mutually fully and finally settle any disputes that may exist known or unknown against each other and against HOT SPOT BARS OF TEXAS LLC.

NOW, THEREFORE, the parties hereto agree as follows:

## **PURCHASE AND SALE**

1. On May 25, 2007, TATE and NOACK entered into that certain Membership Transfer Agreement; pursuant to that agreement TATE hereby now sells to NOACK and NOACK purchases from TATE all of TATE'S membership interest whatsoever in HOT SPOT BARS OF TEXAS LLC for the payment of $37,000.00 which is expressly acknowledged and accepted by TATE as consideration of the terms and conditions herein the receipt and sufficiency of which is hereby acknowledged.  <u>It is expressly acknowledged and agreed herein that the payment of $37,000.00 is in fully satisfaction of the Membership Transfer Agreement executed on May 25, 2007 and the consideration or bargained for exchange in any dollar differential is based on the mutual releases and all of the terms and conditions contained herein.</u>

2.   The parties hereto in consideration of the terms and conditions contained herein agree to settle all claims and controversies asserted or which could be or could have been asserted in this case, between them.

3.   The parties hereto agree to release, acquit, and forever discharge each other their respective heirs, executors, legal representatives, administrators, successors, and assigns, and their successor corporations, their employees, representatives, successors, insurers, and assigns, and all other persons, firms, or corporations who might be liable, from any and all claims, demands, charges, costs of court, including, but not limited to, attorney fees, and causes of action of whatsoever nature, or any other legal theory arising out of the circumstances related to the parties' ownership interests in HOT SPOT BARS OF TEXAS

1

LLC, from any and all liability damages of any kind known or unknown, whether in contract or in tort, property damages, and any other damages that have accrued or may ever accrue to us, our heirs, executors, legal representatives, administrators, successors, or assigns, for or on account of the facts and subject matter referred to the above styled and numbered cause. **TATE expressly waives all such claims including but not limited to any claims for usury, shareholder oppression, freeze-out, lock-out or any other shareholder or membership claims be they in contract, tort, property damage, or in a shareholder or member derivative nature. NOACK and HOT SPOT BARS OF TEXAS LLC expressly waive all claims including but not limited to any note signed by TATE on or about May 25, 2007.**

4. The parties hereto agree that all terms of settlement are confidential except as to spouse (if any), financial advisor, attorney, or pursuant to a properly served subpoena or Court Order. The parties further agree not to verbally or in writing disparage or make any comments that may injure each other regarding their personal or business interests, either directly or indirectly.

5. Each signatory hereto warrants and represents that he has authority to bind the party for whom that signatory acts and that the claims, suits, right and/or interests which are the subject matter hereto are owned by the party asserting same, have not been assigned, transferred or sold and are free of encumbrance.

6. The parties acknowledge and agree that to the extent that this agreement conflicts with any other agreements between the parties, including but not limited to the Company Agreement, the Regulations or any other operating documents, this agreement shall control and the conflicting portions of any other agreements or operating documents shall be of no effect as far as those portions conflict with this agreement. This provision shall not operate to completely void or invalidate any of agreements that may have provisions that conflict with this agreement.

7. It is further understood and agreed that there are no additional promises of any kind or any further benefits to be received or conveyed by either party hereto or by their employees, agents, successors, assigns, and/or affiliates other than the consideration recited in this release.

8. As part of the consideration for this settlement each signatory expressly warrants and represents and does state and represent to each and all of the parties released that they are legally competent to execute this release and agreement and above the age of eighteen (18) years, that no promise or agreement that is not expressed has been made in executing this release, and that they are not relying upon any statement or representation of any agent of the parties being released. Each signatory agrees and acknowledges that they have relied on their own judgment, and have had the opportunity to be represented by legal counsel in this matter. **TATE agrees and acknowledges that he was given the opportunity to have a formal accounting of all LLC records prior to signing this agreement and that he has waived any such right for the consideration herein.**

2

9. As part of the consideration for this agreement, the signatories hereto agree to and do indemnify and hold harmless each and all of the parties and signatories released from any and all claims, demands, costs of court, attorney fees, actions, and causes of action that may be asserted by any person, firm, or corporation claiming by, through, or under us in connection with this release. **Specifically, NOACK will take reasonable steps to remove any personal guarantee of the leased premises located at 314 Sawdust Road, Suite 113, The Woodlands, Texas 77380, if possible, and to indemnify and hold harmless TATE for any liability related to such lease. Furthermore, NOACK and HOT SPOT BARS OF TEXAS LLC agree to indemnify and hold harmless TATE from any obligations or liabilities incurred by HOT SPOT BARS OF TEXAS LLC or any claims against HOT SPOT BARS OF TEXAS LLC from the date of the execution of this Agreement forward, excluding any such liabilities or claims that may arise in the future but the basis of such liabilities or claims arose before September 10, 2007.**

10. TATE hereby agrees to sign and or provide the following if possible:

    (a) Membership Interest certificates, if any, free and clear of all liens, claims, charges, restrictions, equities or encumbrances of any kind, which certificates shall be duly endorsed to Buyer or accompanied by duly executed Membership Interest powers in form satisfactory to Buyer;

    (b) LLC resolutions necessary for this transfer and any LLC officer resignations necessary for this transfer; and

    (c) acknowledgment of non-assignment or encumbrance of Seller's Membership Interest.

11. TATE will deliver to NOACK:

    (a) this agreement that constitutes the Consideration for this transfer;

    (b) a certificate of TATE certifying (i) that the representations and warranties made by TATE in this Agreement are true and accurate at and as of the Closing; and (ii) that Buyer has performed and complied with all of the terms, provisions and conditions to be performed and complied with by Buyer at or before the Closing;

    (c) such other certificates and documents as Seller or its counsel may reasonably request, such as corporate documents or resolutions pertaining to this transaction.

12. All statements contained in any certificate or other instrument delivered by or on behalf of Seller or Buyer pursuant to this Agreement shall be deemed representations and warranties hereunder by the party delivering such certificate or instrument. All representations, warranties and agreements made by Seller or Buyer in this Agreement or pursuant hereto shall survive the Closing.

3

13. From time to time after the Closing and without further consideration from NOACK, TATE shall execute and deliver, or cause to be executed and delivered, to NOACK such further instruments of sale, assignment, transfer and delivery and take such other action as NOACK may reasonably request in order to more effectively sell, assign, transfer and deliver and reduce to the possession of NOACK any and all of the Subject Membership Interest and consummate the transactions contemplated hereby.

14. The parties hereto may by written agreement (i) extend the time for or waive or modify the performance of any of the obligations or other acts of the parties hereto or (ii) waive any inaccuracies in the representations and warranties contained in this Agreement or in any document delivered pursuant to this Agreement.

15. This Agreement embodies the entire agreement among the parties and there have been and are no agreements, representations or warranties, oral or written among the parties other than those set forth or provided for in this Agreement. This Agreement may not be modified or changed, in whole or in part, except by a supplemental agreement signed by each of the parties.

16. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas applicable to agreements made and to be performed in the State of Texas and shall be construed without regard to any presumption or other rule requiring the construction of an agreement against the party causing it to be drafted.

17. It is acknowledged, agreed, and understood that each signatory has read this agreement and that it is a complete written statement of the terms and conditions of the release.

18. TATE also acknowledges that the attorney for HOT SPOT BARS OF TEXAS LLC, Michael R. Bouman, has disclosed and explained that he is solely the attorney for HOT SPOT BARS OF TEXAS LLC and further acknowledges the conflict letter executed on or about 2.21.07 and the terms of such letter a copy of which has been provided prior to the execution of this Agreement.

19. TATE further acknowledges that he has signed this Agreement upon his own free will and without coercion or duress from any person.

**SIGNATURES TO FOLLOW ON NEXT PAGE**

Agreement are solely for convenience and reference and shall not limit or otherwise affect the meaning of any of the terms or provisions of this Agreement.

4.09 **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be an original, but which together constitute one and the same instrument.

EXECUTED in one or more counterparts, each of which shall be deemed an original, on _May 25_ _2007_.

_____
E. Alan Noack

_____
R. Carl Tate

Date: 5-25-07

_____
Michael R. Bouman, Witness and Attorney for
HOT SPOT BARS OF TEXAS LLC

4