UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § § *Plaintiff*, § § v. § § EDGAR ORTIZ, *et al.*, § § *Defendants*. § | CIVIL ACTION H-10-1978 |

**MEMORANDUM, ORDER AND FINAL JUDGMENT**

Pending before the court is plaintiff J&J Sports Productions, Inc.'s motion for default judgment against defendants Edgar Ortiz and Julio Ortiz, individually, and as officers, directors, shareholders and/or principles of Hot Spot Bar of Texas, LLC, d/b/a Copas Bar and Lounge a/k/a Copa=s, and Hot Spot Bar of Texas, LLC, d/b/a Copas Bar and Lounge a/k/a Copa's. For the following reasons, the motion is GRANTED.

**I. BACKGROUND**

The plaintiff, J&J Sports Productions, Inc. (AJ&J@), was a broadcast licensee authorized to sub-license the closed-circuit telecast of the November 14, 2009 Pacquaio/Cotto boxing match, including the undercard or preliminary matches (the AEvent@). Dkt. 20. J&J was licensed to exhibit the Event at closed circuit locations throughout Texas. *Id.* Commercial customers could receive and broadcast the program only through purchase from J&J. *Id.* After receiving sublicense fees, J&J provided these customers with electronic decoding equipment and/or the necessary satellite coordinates to receive the signal. *Id.* J&J retained independent auditors to canvas and identify commercial establishments that were exhibiting the Event without a license. Dkt. 20, Exh. C. One of these auditors visited the defendants' establishment on November 14, 2009, at 9:40 p.m. *Id.* The auditor was charged $10.00 to enter the bar, and observed approximately 110 patrons in the

establishment. *Id.* She witnessed the Event being broadcast on a large projection screen. *Id.* The defendants had not paid the required fee to exhibit the program at their establishment. Dkt. 20.

The complaint alleges that defendants unlawfully intercepted J&J=s signal and exhibited the Event to customers in its establishment without having paid the required fees. *Id.* J&J claims that this exhibition violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 (the "Act"), and seeks statutory damages pursuant to section 605. Dkt. 15. Defendants Edgar and Julio Ortiz were served on October 11, 2010 and October 19, 2010. Dkt. 20. Defendant Hot Spot Bar of Texas, LLC, d/b/a/ Copas Bar and Lounge was served through Michael R. Bouman, the registered agent, on June 22, 2010. *Id.* To date, the defendants have not filed a responsive pleading in the case. J&J now moves for entry of default judgment.

## II. Legal Standard and Analysis

Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. J&J satisfied Local Rule 5.5 by mailing a copy of the request for entry of a default and the motion for default judgment to the defendants via certified mail, return receipt requested on December 23, 2010. Dkt. 23. Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R Civ. P. 55(a). Given defendants=failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in the complaint as true and to award relief sought by the plaintiff.

In this case, J&J seeks statutory damages, additional damages, attorneys' fees, costs, and post-judgment interest. Under the Federal Communications Act of 1934, 47 U.S.C. § 605(e)(3)(C)(i)(II) allows courts to award statutory damages to a plaintiff in an anti-piracy case;

2

§ 605(e)(3)(C)(ii) allows courts to award additional damages for willful behavior; and § 605(e)(3)(B)(iii) mandates that courts award attorneys' fees and allows courts to award full costs.

J&J has requested an award of statutory damages against each defendant, jointly and severally, in the amount of $10,000; additional damages in the amount of $60,000; and attorneys' fees and costs of $2,957.46. The court finds that the $2,957.46 requested for costs and attorneys' fees is reasonable, and J&J is therefore awarded $2,957.46 in costs and fees. Additionally, the court awards statutory damages under section 605(e)(3)(C)(i)(II) in the amount of $5,000, and additional damages under section 605(e)(3)(C)(ii) in the amount of $10,000. Post judgment interest shall accrue at the rate of 0.26% per annum. J&J is to recover these damages from defendants jointly and severally.

Furthermore, J&J is entitled to recover the following conditional awards of attorneys fees from each defendant in the following circumstances:

    a. Ten Thousand Dollars ($10,000.00) in the event defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the judgment obtained in the action;

    b. Fifteen Thousand Dollars ($15,000.00) in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the judgment obtained in this action;

    c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of judgment obtained in this action;

    d.    Ten Thousand Dollars ($10,000.00) for an appeal to the U.S. Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of judgment obtained in this action; and

    e.    Two Thousand Five Hundred Dollars ($2,500.00) for collection of the judgment rendered in this case, should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment, or other process.

### III. CONCLUSION

For the foregoing reasons, J&J's motion for default judgment is GRANTED, and judgment is entered in favor of J&J and against defendants Edgar Ortiz and Julio Ortiz, individually, and as officers, directors, shareholders and/or principles of Hot Spot Bar of Texas, LLC, d/b/a Copas Bar and Lounge a/k/a Copa=s, and Hot Spot Bar of Texas, LLC, d/b/a Copas Bar and Lounge a/k/a Copa's.

It is so ORDERED.

Signed at Houston, Texas on February 7, 2011.

_____
Gray H. Miller
United States District Judge